# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv222

| | |
|---|---|
| DONNIE L. GRIFFIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LACY H. THORNBURG, )<br>United States District Judge, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 2]. The Plaintiff is proceeding *pro se*. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was notified on May 27, 2008 of his right to respond to such motion. On June 9, 2008, the Plaintiff filed his Response [Doc. 5], which the Court has fully considered.

The Government, on behalf of the named Defendant,[1] has moved to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction and

---

[1] Suits against federal judges for acts in their judicial capacity are suits against the United States of America. Csoka v. United States, No. 94-1204, 1996 WL 467654, at *3 (7th Cir. July 19, 1996), cert. denied, 519 U.S. 1080, 117 S.Ct. 744, 136 L.Ed.2d 682 (1997).

for failure to state a claim. Such motions are governed by Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively, which provide for dismissal where the Court lacks jurisdiction over the subject matter of the Complaint or where no claim recognized under the law has been stated.

I.  Standard of Review

A.  Rule 12(b)(1) Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. See Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884). The ability of the Court to address subject-matter jurisdiction independently is important to finality. A litigant, even one who remains silent on the issue of jurisdiction, may wait until he receives an adverse judgment from a district court and raises the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. See Capron v. Van Noorden, 6 U.S. (2 Cranch) 126, 127, 2 L.Ed. 229 (1804). Thus, the Court must be able to address subject-matter jurisdiction at any

stage of the proceeding. The Federal Rules of Civil Procedure anticipate this issue and provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991), the Court of Appeals for the Fourth Circuit held as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review.

Id. at 768-69 (internal citations omitted). Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection

3

as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### B. Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts ... a claim must be dismissed, without regard to whether it is based on outlandish legal theory or on a close but ultimately unavailing one. What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations.

Id. at 326-27, 109 S.Ct. at 1832 (internal quotation marks and citation omitted). The Fourth Circuit has held that dismissal of a complaint is proper under Rule 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80

4

(1957)). The Supreme Court recently held, however, that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). Under Twombly, to survive Rule 12(b)(6) scrutiny, the claims must, at a minimum, be "plausible." Id. at 1965.

While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Markets, Inc. v. J.D. Associates, Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal v. Rowe Price-Fleming Intl Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citations and internal quotation marks omitted). In addition, a court cannot

"accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). For the limited purpose of ruling on the Defendant's motions, the Court has accepted as true the facts alleged by the Plaintiff in the Complaint and will view them in the light most favorable to the Plaintiff.

## II.   Factual Background

Plaintiff Donnie L. Griffin is an inmate incarcerated by United States Bureau of Prisons. In this action, the Plaintiff attempts to invoke civil liability for judicial acts taken by the named Defendant, who served as the presiding United States District Judge in the criminal prosecution of the Plaintiff in United States v. One Male Juvenile, 2:01cv4 (W.D.N.C.). Specifically, the Plaintiff contends that the named Defendant violated his statutorily defined authority when he: (1) permitted the United States to prosecute the Plaintiff in the case of United States v. One Male Juvenile; (2) failed to comply with the Federal Rules of Criminal Procedure in that case; (3) allegedly sentenced the Plaintiff incorrectly under applicable statutes; and (4) failed to grant certain unspecified motions of the Plaintiff

6

regarding that criminal prosecution.² [Complaint, Doc. 1-2, filed May 12, 2008 at pages 1-2].

This action was filed in the North Carolina General Court of Justice, Superior Court Division, Buncombe County, on May 12, 2008, and properly removed to this Court on May 23, 2008, in accordance with 28 U.S.C. §1442.

III.   Analysis

   A.   **Lack of Subject Matter Jurisdiction**

A lawsuit against a federal judicial officer for acts done in his official judicial capacity is a lawsuit against the United States America itself. Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Absent an express waiver of sovereign immunity, the United States cannot be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). The United States has not expressly waived sovereign immunity in this matter. Accordingly, this matter must be dismissed as to the named Defendant United States

---

²While this Court strives to keep juvenile proceedings from public review, the Plaintiff has placed such juvenile proceedings within the ambit of public review by filing this lawsuit and making such public allegations. The Court has, however, consistent with 18 U.S.C. § 5038, limited such disclosure to the case name and number.

District Court Judge Lacy H. Thornburg and *eo nomine*, the United States of America, for lack of subject matter jurisdiction.

   B.   **Failure to State a Claim**

In addition to a lack of subject-matter jurisdiction, the Plaintiff has failed to state a claim upon which any court could afford the Plaintiff any remedy. As discussed above, the allegations of the Plaintiff's Complaint are limited to judicial acts performed by the named Defendant within his judicial capacity as a federal judge and in a matter over which he had jurisdiction.

Where a civil Complaint challenges a judge's judicial acts, a judge is entitled to absolute judicial immunity from suit. Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). In this case, it can reasonably be inferred from the Plaintiff's Complaint that he contends that actions were taken by the Defendant in error. Judges are immune from liability for judicial acts unless done in clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978); Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Immunity is not lost because an action is taken in error, done

8

maliciously, or exceeded the authority of the judicial officer. Stump, 435 U.S. at 356, 98 S.Ct. at 1105.

The Plaintiff appears to argue that the Defendant committed errors in his handling of the Plaintiff's juvenile case; that because these actions were in error, they were actions without proper authority; that in the absence of authority, the Defendant had no jurisdiction to take the erroneous actions in question; and that because the actions were beyond the Defendant's jurisdiction, judicial immunity does not apply, and the Defendant is therefore liable. The problem with the Plaintiff's rationale is that he equates error with a clear absence of all jurisdiction. There is no support in the law for such a proposition. If the Plaintiff were correct in this reasoning, then judicial immunity would not exist because *any* error would be committed without jurisdiction, and as such would subject the judge to liability. Our judicial system would cease to function under such circumstances.

The Plaintiff therefore, has failed to state a claim inasmuch as the named Defendant enjoys absolute judicial immunity from suit. For that reason, this action must be dismissed in accordance with Rule 12(b)(6).

## IV. Frivolousness

While the lack of proceeding before this Court *in forma pauperis* eliminated consideration of summary dismissal of this case for frivolousness, it is clear that Plaintiff's Complaint is both frivolous and is without merit or substance. This is not an isolated incident, but appears to be just the next step in a pattern or practice of frivolous filings in United States v. One Male Juvenile, 2:01cr4 (W.D.N.C). In that action, the Court clearly warned the Plaintiff herein that future frivolous filings would result in imposition of a pre-filing review system for summary dismissal of pleadings not made in good faith and lacking substance. That warning already having been given, a similar warning is called for in this case, to the effect that prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. See, e.g., In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997); see also Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); Demos v. Keating, 33 Fed. Appx. 918, 920 (10th Cir. 2002). The Plaintiff is further warned that future frivolous filings will result in the imposition of a pre-filing review system. Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, the Plaintiff is cautioned that pleadings

presented to the Court which are not made in good faith and which do not contain substance will be summarily dismissed as frivolous, see Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997), and that if such writings persist, the pre-filing system may be modified to include an injunction from filings. See, e.g., In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss [Doc. 2] is **ALLOWED,** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that, due to the history of the Plaintiff's frivolous filings in 2:01cr4, and the patently frivolous nature of the present action, the Plaintiff is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. If such a system is placed in effect, the Plaintiff is cautioned that pleadings presented to the Court which are not made in good faith and which do not contain proper and cognizable substance will be summarily dismissed as frivolous, and that if such writings persist, the pre-filing system may be modified to include an injunction from filings.

**IT IS SO ORDERED.**

Signed: June 18, 2008

Martin Reidinger
United States District Judge